UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIRON ELIAS,<br><br>            Plaintiff,<br><br>     v.<br><br>DR. CHISHOLM, et al.,<br><br>            Defendants. | Case No. 2:19-cv-05501-MWF-JC<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE<br><br>[DOCKET NO. 29] |

    The Court has conducted the review required by 28 U.S.C. § 636 and accepts the findings, conclusions and recommendation of the Magistrate Judge reflected in the January 31, 2023 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation").

    IT IS HEREBY ORDERED:

    1.    The Motion to Dismiss the Second Amended Complaint ("Motion to Dismiss") is granted in part and denied in part as follows:

          (a)    the Motion to Dismiss is granted to the extent it seeks dismissal of the following claims and such claims are dismissed without leave to amend:

///

|   |   |   |   |
|---|---|---|---|
| | | (i) | the claims against both defendants – Dr. Chisholm and Correctional Officer Davison – in their official capacities; |
| | | (ii) | the First Amendment claim against defendant Chisolm in her individual capacity; and |
| | | (iii) | the state-law negligence claims against both defendants; |
| | (b) | | the Motion to Dismiss is granted to the extent it seeks dismissal of the Eighth Amendment claims against both defendants in their individual capacities and such claims are dismissed <u>with</u> leave to amend; and |
| | (c) | | the Motion to Dismiss is denied to the extent it seeks dismissal of the First Amendment claim against defendant Davidson in his individual capacity. |
| 2. | | | Within twenty (20) days of the date of this Order, plaintiff shall do one of the following: |
| | (a) | | if plaintiff wishes to proceed with the claims that have been dismissed with leave to amend (the Eighth Amendment claims against both defendants in their individual capacities) and is able to cure the pleading defects therein that have been identified in the Report and Recommendation, plaintiff shall file a Third Amended Complaint;[1] |

---

[1] Any Third Amended Complaint must: (a) be labeled "Third Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the prior complaints in this case – *i.e.*, it must include all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of each claim for relief "showing that [plaintiff] is entitled to relief" (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" and contain factual allegations in clear short, concise, numbered paragraphs, each "limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 8(d)(1), 10(b)); (e) set forth clearly the sequence of events giving rise to the claims for relief and sequentially number the claims;
(continued...)

    (b)    if plaintiff wishes to proceed solely on the remaining First Amendment claim against defendant Davidson, and not to file a Third Amended Complaint, plaintiff shall file a Notice of Intent to Proceed Solely on Remaining First Amendment Claim Against Defendant Davidson or sign and file the attached Partial Notice of Dismissal, in which case this action shall proceed solely on such claim against such defendant;

    (c)    if plaintiff does not wish to proceed with this action at all, plaintiff shall sign and file the attached Notice of Dismissal which will result in the voluntary dismissal of this action without prejudice; or

    (d)    if plaintiff wishes to stand on the Second Amended Complaint despite the defects therein (described in the Report and Recommendation), plaintiff shall file a Notice of Intent to Stand on Second Amended Complaint, indicating plaintiff's intent to stand on the Second Amended Complaint which may result in the dismissal of this action in whole or in part based upon such defects.

**3.    Plaintiff is cautioned that plaintiff's failure timely to file a Third Amended Complaint, a Notice of Intent to Proceed Solely on Remaining First Amendment Claim Against Defendant Davidson/Partial Notice of Dismissal, a Notice of Dismissal, or a Notice of Intent to Stand on Second Amended Complaint may**

---

[1](...continued)
(f) reflect which claims are brought against which defendant(s) in which capacity and allege specifically what each defendant did and how that individual's conduct specifically violated plaintiff's civil rights; (g) not add defendants or claims that are not related to the claims asserted in the Second Amended Complaint and <u>not reassert claims that have been dismissed without leave to amend</u>; and (h) name all parties in the caption/title (Fed. R. Civ. P. 10(a)).

**result in the dismissal of this action in whole or in part, with or without prejudice, on the grounds set forth in the Report and Recommendation, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with this Order**.

4. If plaintiff files a Notice of Intent to Proceed Solely on Remaining First Amendment Claim Against Defendant Davidson/Partial Notice of Dismissal, defendant Davison shall file an Answer within fourteen (14) days of the date such defendant is served with the same.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order on plaintiff and counsel for defendants.

IT IS SO ORDERED

DATED: March 27, 2023

_____
MICHAEL W. FITZGERALD
United States District Judge