

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIRON ELIAS,<br><br>        Plaintiff<br><br>        v.<br><br>DR. CHISHOLM, et al.,<br><br>        Defendants. | Case No. CV 19-5501-MWF (AYP)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Amended Complaints and supporting documents (Docket Nos. 23, 46, 47), Defendant B. Davidson's Answer (Docket No. 82) and Motion for Summary Judgment (Docket No. 91), the third Report and Recommendation of the previously assigned United States Magistrate Judge ("Report"; Docket No. 104), Plaintiff's "Objection to Dismissal of Cases and Request for Reinstatement" (Docket No. 107), Plaintiff's "Objections to Court[']s Proposal to Dismiss 1st Amendment Claims: Plaintiff Did Exhaust Other Religious Items Complained of; Request [for] Reinstatement of Claims" (Docket No. 108), Plaintiff's Letter (Docket No. 111), Plaintiff's "Disputable Facts and Declaration" (Docket No. 112), and the other relevant records on file.

The Court construes Plaintiff's post-Report filings together as Objections to

the Report ("Objections"; Docket Nos. 107, 108, 111, 112), and it has conducted a *de novo* review of the portions of the Report to which they are directed. Although not required, the Court briefly discusses the following points. *See United States v. Ramos*, 65 F.4th 427, 434 (9th Cir. 2023) ("the district court ha[s] no obligation to provide individualized analysis of each objection"); *Wang v. Masaitis*, 416 F.3d 992, 1000 (9th Cir. 2005) (affirming a cursory district court order summarily adopting, without addressing any objections, a magistrate judge's report and recommendation).

The review currently before the Court at this late stage of proceedings is much narrower than Plaintiff seeks. First, to the extent Plaintiff asks for reinstatement of other cases that have been previously dismissed (Docket No. 107), those actions and the rulings in them are not before the Court. *See, e.g., Allen v. United States*, No. CV-24-00822-PHX-SRB, 2025 WL 520532, at *1 (D. Ariz. Feb. 18, 2025) (declining to address arguments not before the court and that did not address claimed error in the magistrate judge's report and recommendation), *aff'd*, No. 25-1962, 2026 WL 508848 (9th Cir. Feb. 24, 2026); *Wolf v. Idaho State Bd. of Correction*, No. 1:20-CV-00025-BLW, 2020 WL 2441413, at *6 (D. Idaho May 12, 2020) (compliance with court order in another case cannot be brought in a separate action), *aff'd*, No. 20-35600, 2021 WL 3721434 (9th Cir. Aug. 23, 2021).

Second, as explained in the Report, Plaintiff's claims against other Defendants have been dismissed at various stages in this case, and the only remaining issue is the First Amendment claim against Defendant B. Davidson. (Docket No. 104 at 2-3). To the extent Plaintiff raises facts or arguments related to claims and Defendants previously dismissed, Plaintiff's opportunity to object to those determinations in previous Reports has long passed. (Docket Nos. 43 (setting deadline to object to first Report in 2023 and cautioning that "[f]ailure to so object within the time limit specified shall be deemed a consent to any proposed findings of fact"); Docket No. 73 (setting deadline to object to second Report in 2024 and

repeating caution).

Third, and similarly, to the extent Plaintiff attempts to present new evidence supporting her attempts to administratively exhaust her First Amendment claim, or further extension of time to present disputable "new facts" (Docket No. 108 at 15; Docket No. 112), such requests are too late.  Plaintiff's case has been pending since 2019, and, as explained to Plaintiff in other orders, "[t]he Court has granted a number of previous extension requests[.]"  (Docket No. 109; *see also* Docket Nos. 17, 19, 22, 34, 94, 99, 101, 104 at 4 (detailing recent extension-of-time history); *see, e.g., Akhtar v. Mesa*, 698 F.3d 1202, 1208 (9th Cir. 2012) (district court is not required to consider evidence presented for the first time in objections); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (generally, the court must limit its review to the operative pleading); *Lutz v. Valenzuela*, No. CV 11-104-CBM PJW, 2013 WL 5539551, at *3 n.6 (C.D. Cal. Oct. 3, 2013) (electing not to consider arguments and evidence raised for the first time in objections "in light of the fact that this case is almost three years old and discovery has closed").

Finally, even if the Court were to consider such evidence or facts, which are purportedly needed to support Plaintiff's argument that she exhausted her First Amendment claim with respect to items listed on the cell search receipt or otherwise alleged to have been taken in the search (such as Plaintiff's pentacle, herbs, spices, cauldron, headgear, medicine bag, wand, feather, and oils), Plaintiff has failed to persuasively explain that she exhausted those items during administrative review. (Docket No. 108).  Her claim that she used synonyms, definitions, and "alternate terminology" of the words describing her religious items to "secretly exhaust . . . everything" (*id*. at 2-3, 6-9, 11-13; Dockt No. 112 at 5), or that exhaustion was sufficed when she submitted Bible verses with her administrative appeal because "it means for a fact that everything belongs to God . . . [a]nd if God . . . . lives in me . . . then what came forth from that creation is mine as well," is simply unpersuasive and insufficient to show proper exhaustion under California's prison regulations.  *See*

*Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (the Prison Litigation Reform Act requires "proper exhaustion," which means "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation and internal quotation marks omitted; emphasis in original); *Smith v. Hedgpeth*, No. 16-01269 BLF (PR), 2017 WL 11482360, at *9 (N.D. Cal. Sept. 5, 2017) (finding plaintiff had not met exhaustion burden where argument in opposition to summary judgment was simply not plausible or persuasive), *aff'd sub nom. Smith v. Roennmann*, 775 F. App'x 339 (9th Cir. 2019).

Accordingly, the Objections, so construed, are **OVERRULED**.  (Docket Nos. 107, 108, 111, 112).

**IT IS THEREFORE ORDERED** that:

(1) the Report is **ACCEPTED** (Docket No. 104);

(2) Defendant B. Davidson's Motion for Summary Judgment (Docket No. 91) is **GRANTED** as follows:

(a) Defendant Davidson is granted summary judgment on Plaintiff's First Amendment claim—except to the extent it is predicated on Defendant's confiscation of Plaintiff's photographs—based upon Plaintiff's failure to exhaust his administrative remedies, and such claim is dismissed without prejudice and without leave to amend; and

(b) Defendant Davidson is granted summary judgment on the merits of Plaintiff's First Amendment claim to the extent it is predicated on Defendant's confiscation of Plaintiff's photographs;

(3) judgment be entered in this action accordingly.

Dated: June 5, 2026

_____
MICHAEL W. FITZGERALD
United States District Judge

4